**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**October 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NICHOLAS JOSEPH AURELIO,

    Plaintiff - Appellant,

v.

LARA J. MULLIN; MARION ALISON
ROCKER-TUOHY; JAY SUTHERLAND
GRANT; DENVER DISTRICT COURT;
CITY AND COUNTY OF DENVER,

    Defendants - Appellees.

No. 24-1120
(D.C. No. 1:24-CV-00114-LTB-SBP)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.

_____

Nicholas Aurelio appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

## A.

A Colorado jury convicted Mr. Aurelio of crimes committed against a former girlfriend, including kidnapping, sexual assault, burglary, witness intimidation, evidence tampering, stalking, violating a protection order, and violating bail bond conditions.  His conviction was affirmed on appeal.  *People v. Aurelio*, No. 16CA0264, 2018 WL 813746 (Colo. Ct. App. Feb. 8, 2018) (unpublished).  He filed a motion for postconviction relief in the state district court, where it was pending through various proceedings for five years before the court fully denied relief.  He appealed that denial to the Colorado Court of Appeals.

## B.

With his state appeal still pending, Mr. Aurelio filed this action in federal district court, bringing § 1983 claims against two prosecutors from his state criminal case, the state district judge who presided in his postconviction proceedings, the City and County of Denver, and the Denver District Court.  His complaint alleges constitutional violations related to both his trial and the postconviction proceedings.

Related to his trial, Mr. Aurelio alleged his conviction depended "solely" on the victim's credibility, R. at 11, that she testified falsely, and that he was convicted based on her "fantastical and fabricated allegations," *id*. at 23.  He further alleged the prosecutors obtained his conviction by concealing exculpatory evidence, introducing false testimony, and concealing information he claims would have undercut the credibility of the victim and another former girlfriend who also testified against him.

2

Related to the state postconviction proceedings, Mr. Aurelio alleged the state district court "engaged in a biased, rushed and erroneous fact finding process," R. at 9, that he was denied adequate representation of counsel and an expert witness, and that the judge was biased and made retaliatory rulings. He claimed the postconviction proceedings involved "unreasonable delays violating due process, equal protection . . . and the Suspension Clause." *Id.* at 10. He also claimed he had received ineffective assistance from public defenders before trial, from retained counsel before during and after trial, and from two appointed postconviction counsel.

Based on these allegations, he brought claims for denial of access to the courts, and for violations of the Constitution's Suspension Clause and his rights to due process and equal protection. He sought declaratory judgment stating, in part, that: (1) defendants "failed to afford [him] . . . due process during his postconviction proceedings," R. at 30; (2) the prosecutors violated his rights by concealing information; (3) the state court "engaged in an erroneous fact finding process" in postconviction proceedings, *id.*; (4) the "proceedings afforded . . . were unconstitutional and a sham;" *id.* at 31; (5) the district judge retaliated against him; and (6) the defendants "violated the First Amendment, Due Process and Equal Protection Clauses," *id.* Mr. Aurelio also requested injunctions compelling the prosecutors to disclose allegedly withheld information and "barring an[y] future unconstitutional postconviction proceedings." *Id.* at 32.

3

C.

A magistrate judge recommended that Mr. Aurelio's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B). She concluded he had no cognizable constitutional claim based on the postconviction proceedings because there is no federal right to state postconviction review. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). And she concluded that to the extent Mr. Aurelio's claims attack the validity of his conviction they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Graff v. Aberdeen Enter., II, Inc.*, 65 F.4th 500, 520 (10th Cir. 2023) ("If the relevant cause of action would necessarily imply the invalidity of a litigant's conviction . . . that claim must be dismissed [under *Heck*] . . . ." (internal quotation marks omitted)).

The district court adopted the magistrate judge's reasoning and recommendation, overruling Mr. Aurelio's objections. It also concluded that because the state proceedings are ongoing, the court should abstain from hearing his § 1983 claims under *Younger v. Harris*, 401 U.S. 37 (1971). The district court dismissed Mr. Aurelio's complaint without prejudice. He appeals.

## II. Discussion

Because Mr. Aurelio proceeds pro se, we liberally construe his filings but do not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Our review is de novo. *Graff*, 65 F.4th at 524; *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).

4

A.

We first address abstention because if *Younger* applies, the federal court must dismiss the complaint without ruling on the claims. *See Graff*, 65 F.4th at 523 n.32. "*Younger* provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (internal quotation marks omitted).

"*Younger* abstention applies only to three categories of state cases," including "state criminal prosecutions." *Graff*, 65 F.4th at 522 (internal quotation marks omitted). For cases within those categories, "abstention is required when three conditions are satisfied." *Id.* at 523. "First, the relevant state court proceeding must be ongoing. Second, the state forum must provide an adequate opportunity to raise the relevant federal claims. Third, an important state interest must be present." *Id.* (citations and internal quotation marks omitted). If those three requirements are met, "abstention is mandatory unless one of three exceptions applies." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). Among those exceptions are prosecutions "commenced in bad faith or to harass" and "extraordinary circumstances creating a threat of irreparable injury both great and immediate." *Id.* at 1258–59.

B.

We conclude abstention is required here. Initially, Mr. Aurelio does not dispute that his ongoing postconviction proceedings fall within a category subject to

5

*Younger*.  Although we are not aware of controlling authority holding postconviction proceedings are necessarily part of a "criminal prosecution" to which *Younger* may apply, we are persuaded the doctrine should apply here.  *See Heck*, 512 U.S. at 487 n.8 ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, *or state habeas action*, abstention may be an appropriate response to the parallel state-court proceedings." (emphasis added; citing *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 816 (1976)).

Mr. Aurelio sought postconviction relief as authorized by Colo. Rev. Stat. § 18-1-410 by filing a motion pursuant to Colo. R. Crim. P. 35(c)(3) in the case in which he was prosecuted and convicted.  His appeal from the denial of that motion remains pending in the state appellate court, where the relief he seeks would direct additional proceedings within the case in which he was prosecuted.  *See* Colo. R. Crim. P. 35(c)(3)(V) (providing remedies including "vacating and setting aside the judgment, imposing a new sentence, granting a new trial, or discharging the defendant").  Furthermore, he seeks relief in federal court that would both interfere with his pending appeal in the state appellate court and direct additional proceedings within his case of conviction in the state trial court, including requiring the prosecutors to disclose allegedly withheld evidence.  Because the relief he seeks would interfere with ongoing state criminal proceedings, we conclude *Younger* applies.  *See Columbian Fin. Corp. v. Stork*, 811 F.3d 390, 393 (10th Cir. 2016)("*Younger* requires federal courts to refrain from ruling when it could interfere with ongoing state proceedings."); *Joseph A. ex rel. Corrine Wolfe v. Ingram*,

6

275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.").

We also conclude all three criteria for *Younger* abstention are satisfied. The first and third are uncontested. The state postconviction appeal is still pending, and it raises important state interests. *See Winn*, 945 F.3d at 1258 ("For the purposes of *Younger*, state criminal proceedings are viewed as a traditional area of state concern." (internal quotation marks omitted)).

As for the second requirement, Mr. Aurelio claims he has been unable to fairly adjudicate his federal issues, but his argument is conclusory and unpersuasive. "[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims, a plaintiff typically has an adequate opportunity to raise federal claims in state court." *Id.* (internal quotation marks omitted). Colorado's postconviction procedures expressly allow him to raise federal claims. Colo. Rev. Stat § 18-1-410(1)(a). Thus, as the district court observed, "there is no indication that [Mr. Aurelio] cannot raise . . . and vindicate his rights in the state court postconviction proceedings." R. at 67–68. Mr. Aurelio has not refuted that conclusion on appeal. At most, he shows the state court has ruled against him, but that does not mean he was denied an opportunity to raise his federal claims.

*See Winn*, 945 F.3d at 1258 ("*Younger* requires only the *availability* of an adequate state-court forum, not a favorable result in the state forum.").[1]

<div align="center">C.</div>

Mr. Aurelio argues that the bad faith and extraordinary circumstances exceptions to *Younger* apply. But these exceptions "only provide for a very narrow gate for federal intervention." *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995) (internal quotation marks omitted). As Mr. Aurelio acknowledges, he has a "heavy burden" in invoking them. *See id.* at 1066.

For the bad faith exception to apply, Mr. Aurelio must "*prove* bad faith or harassment," with "more than mere allegations." *Id.* at 1065. He has not done so. He repeats his allegations of prosecutorial misconduct. But he has not shown the prosecution was "commenced" in bad faith. *See Winn*, 945 F.3d at 1259. Moreover, he relies on the unproven and largely conclusory allegations of his complaint. That is insufficient to obtain federal court intervention. *See Phelps*, 59 F.3d at 1065.

His argument for the extraordinary circumstances exception also fails. For the federal court to intervene, a plaintiff must show "a threat of irreparable injury." *Winn*, 945 F.3d at 1259 (internal quotation marks omitted). "If there is no injury other than that incidental to every criminal proceeding brought lawfully and in good faith, there is no irreparable injury." *Id.* (citation and internal quotation marks

---

[1] To the extent Mr. Aurelio's claims rest on alleged delay in the state district court, he had an available state mandamus remedy. *See Turman v. Buckallew*, 784 P.2d 774, 777 (Colo. 1989); *see also* Colo. R. App. P. 21.

omitted).  And the exception does not apply "when the injury could ultimately be corrected through the pending state proceeding or on appeal." *Id.*

Mr. Aurelio repeats his allegations of misconduct, error, and delay in the state proceedings, emphasizing the time he has been imprisoned.  But we see no extraordinary circumstance or irreparable injury that could not be remedied through his pending appeal.  Although it took five years for the state district court to adjudicate his Rule 35(c) postconviction motion, during those proceedings Mr. Aurelio obtained appointment and substitution of counsel, amended and supplemented his motion repeatedly, sought reconsideration of the denial of most of his claims, and unsuccessfully sought disqualification of the judge.  As the state court observed, following the appointment of counsel and the parties' requested extensions of time "over two years passed before briefing . . . was complete."  R. at 18.  After the court addressed Mr. Aurelio's several motions for relief following its first merits ruling, it held an evidentiary hearing on his remaining claim, and denied relief less than two months after subsequent briefing on that claim was complete.  Mr. Aurelio brought this case four months later, with the state court appeal still pending.  These circumstances do not warrant federal court intervention.

### III. Conclusion

We affirm the district court's dismissal without prejudice of Mr. Aurelio's complaint because *Younger* abstention applies. Mr. Aurelio's motion to proceed without prepayment of costs or fees is granted.

<div style="margin-left: 50%;">

Entered for the Court


Bobby R. Baldock
Circuit Judge

</div>